## STATE v. BURKE F. O'BRIEN.[1]

July 18, 1902.

Nos. 13,038—(12).

**Contempt of Court.**

Evidence in this case *held* sufficient to justify the punishment of an officer of a court of record for contempt of its authority in giving infor- mation derived by him while in attendance thereon to third parties, accused of crime, against whom a warrant therefor had been issued out of such court.

**Same—Officer of Court.**

Under such circumstances, an officer of a court accused of contempt in giving information of the issuance of a criminal warrant, if he refuses to explain suspicious acts, cannot claim the benefit of the absolute pre- sumption of innocence accorded to persons accused of crime who decline to testify in their own behalf, under G. S. 1894, § 5658.

**Same—Presumption from Silence.**

In contempt proceedings by a court against one of its officers for using information obtained therein to convey notice to a party accused of crime to prevent the service of a warrant, the failure of the party so accused to explain suspicious conduct upon the hearing authorizes an inference against him, which may be taken into consideration by the court in its conclusion from his silence.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial, after a trial and conviction of contempt of court. Affirmed.

*Lane & Nantz*, for appellant.

*Frank Healey*, City Attorney, and *Edward F. Waite*, Assistant City Attorney, for the State.

[1] Reported in 91 N. W. 297.

87 M.—11

LOVELY, J.

Appellant was a police officer in the city of Minneapolis, properly detailed to attend upon the municipal court, and serve process issued therefrom. Upon proceedings duly instituted for that purpose, he was charged with contempt for wrongfully attempting to hinder and prevent the due service of a warrant issued for the arrest of a third party, charged with keeping a gambling house in the city, authorizing a search of the premises for gambling devices. After hearing by the court he was convicted, moved for a new trial, which was denied, a fine was imposed, and upon this appeal he brings the entire record here for review.

No question is made as to the sufficiency of the proceedings to charge the defendant with a violation of G. S. 1894, § 6155, subd. 9, but the substantial assignments of error which we are required to consider challenge the weight of the evidence to sustain the conviction. The evidence tends to support the following facts: While appellant was in attendance upon the court, a warrant for the arrest of one Loomis for keeping a gambling house was issued, and delivered to an officer with the direction that it be served at once. There was uncertainty and delay in the service. The warrant was recalled by the court, and delivered to another officer. During this time appellant was in the court room. Conversation occurred in the corridors in front of the open door of this room, several feet distant therefrom, between the judge of the court and the officer to whom the process had been given. It is denied that the appellant heard this conversation, or knew of the existence of the warrant; but the transaction occurred in the presence of the court, whose own observation and knowledge of the reasonable probability whether such talk between him and the officer could be heard by others he had a right to consider. The court returned to the bench. Appellant was not there, but obtained leave of absence before the time for his duties at the court room expired, and went immediately to the gambling room, where the officer to whom the warrant was finally given to be served followed, and found the doors locked. It is the claim of appellant that he went there for an innocent purpose, having no knowledge of the warrant; but the officer who followed to make the service found him

there, and upon cross-examination, though the witness was somewhat disinclined to tell all that occurred, after considerable pressure stated that he heard the appellant, speaking through the peek hole of the door, say:

"Open the door. I want to come in. You want to get out of here quick."

Counsel insists that this statement was not sufficient to show that the appellant was giving information that a warrant was to be served upon an inmate of the gambling room, and treats this testimony as if it was the only substantial evidence against the appellant upon which the court might determine his guilt of the alleged contempt of court in interfering with its process. An entrance was made into the gambling room, and such evidence was found as unquestionably established the illegal character of the place.

Upon the hearing the appellant made no explanation of his conduct whatever, and we are fully satisfied that the court was justified, under all the circumstances, in its conclusion. We are not inclined to adopt the view that the evidence of appellant speaking through the peek hole was the only evidence upon which the court could act. One of its officers was charged with interfering with its process. The giving of information that a warrant was to be served was unquestionably such interference. The fact that he was found at the gambling rooms immediately after the warrant was issued, talking through the peek hole, is a significant circumstance. The contradictions of the officer, who testified to what he said, were before the court, who heard his testimony, and could draw the proper conclusions as to its weight and value much better than we can; but the very significant circumstance, which, in connection with these facts, doubtless had an important bearing upon the mind of the trial court, was that appellant made no explanation of his conduct in the respects stated on the hearing, and is not to be ignored.

The right of a court of justice to secure proper respect for its procedure is always essential to its authority in the due administration of law. Its officers are the real hands of the court. The

court itself can do nothing without their active help. Such officers owe to the court not merely a passive and apparent obedience to its mandates, but every efficient aid they can bestow to secure respect for its influence, regard for its orders; and any interference therewith is subversive of the ends of justice. Every officer of a court is not only the servant of justice, but the servant likewise of the court. It has been the uniform practice in contempt proceedings for courts to subject, when occasion requires, their officers to reasonable inquiries concerning their conduct in this respect (G. S. 1894, § 6165, which is but a reaffirmation of the practice of the common-law procedure, and provides for an examination by the party accused directly); and we are not able to hold that the appellant, when confronted with the charge that he had given information of the existence of a process of the court obtained when attending it as its officer, which was calculated to interfere with its efficient service, could remain passive, and refuse to give to the superior power, to which he owed substantial obligations, any facts which would have justified him. He owed something more to the court than this, and the court, who had a right to examine him, might reasonably draw from his silence, when confronted with the suspicious circumstances above detailed, an inference that he was silent because, if he spoke, he would accuse himself.

While the proceedings were quasi criminal in their nature, it was not the prosecution of a criminal offense in fact, under which the party accused could deny to the authority he was bound to respect and suppress any information that would exonerate him. He was not prosecuted for a criminal contempt upon indictment or complaint, but under proceedings which authorized the court to call for specific explanations to secure respect for its authority; and appellant's failure to make such explanations cannot be excused by a reliance upon the presumption that belongs to a party accused in a strictly criminal proceeding under G. S. 1894, § 5658.

Judgment affirmed.